FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 OCT -8 PM 1:07

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

VANESSA CREWS,

    Plaintiff,

-v-                                           Case No.: 3:14-cv-1223-J-20MCR

ALLY FINANCIAL, INC.,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Clay County, Florida.

### FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Clay County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, ALLY FINANCIAL, INC., is a corporation which was formed in 2009 with its principal place of business at 200 Renaissance Center, Detroit, Michigan 48265 and conducting business in the State of Florida through its registered agent, C T Corporation System in Plantation, Florida 33324.

9. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10. On or about July 22, 2013, Plaintiff began to receive a bombardment of calls to her cellular telephone ending in 7630 from ALLY FINANCIAL, INC.

11. On a number of occasions, Plaintiff verbally informed the callers that they had called a wrong number, and requested that they stop calling. However, the calls continued.

12. Due to such a high call volume, Plaintiff was not able to properly catalogue and keep track of every call she received to her cellular telephone from ALLY FINANCIAL, INC., however, listed below is a sampling of the call volume Plaintiff received while she was able to catalogue:

   a.  July 22, 2013 at 11:24 am
   b.  July 22, 2013 at 11:23 am
   c.  July 24, 2013 at 1:40 pm
   d.  July 24, 2013 at 2:08 pm
   e.  August 23, 2013 at 10:03 am
   f.  August 23, 2013 at 10:08 am
   g.  August 23, 2013 at 12:12 pm
   h.  August 23, 2013 at 2:28 pm
   i.  August 29, 2013 at 2:29 pm
   j.  September 24, 2013 at 4:20 pm

    k.    September 25, 2013 at 2:27 pm

    l.    September 27, 2013 at 2:36 pm

    m.    September 30, 2013 at 10:44 am

    n.    October 4, 2013 at 11:28 am

    o.    October 7, 2013 at 10:19 am

    p.    October 17, 2013 at 10:15 am

    q.    October 17, 2013 at 10:17 am

    r.    October 24, 2013 at 9:06 am

13.    Defendant, ALLY FINANCIAL, INC., attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14.    Defendant, ALLY FINANCIAL, INC., intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

15.    On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

16.    Each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

17.    Each call made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

18.    Defendant, ALLY FINANCIAL, INC., has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

19. Defendant, ALLY FINANCIAL, INC., has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or , to remove the incorrect number.

20. Defendant, ALLY FINANCIAL, INC.,'s corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant, ALLY FINANCIAL, INC., that they are the wrong party, or after receiving a request for the calls to stop.

21. Defendant, ALLY FINANCIAL, INC., has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

22. Defendant, ALLY FINANCIAL, INC., has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

23. Defendant, ALLY FINANCIAL, INC., has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

24. Defendant, ALLY FINANCIAL, INC.,'s corporate policy provided no means for the Plaintiff to have her number removed from the call list.

25. Defendant, ALLY FINANCIAL, INC., has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

26. Plaintiff did not expressly consent to ALLY FINANCIAL, INC.'s placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to ALLY FINANCIAL, INC.'s placement of the calls.

27. None of ALLY FINANCIAL, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant, ALLY FINANCIAL, INC. willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff incorporates Paragraphs 1 through 28 above.

30. Defendant, ALLY FINANCIAL, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

31. Plaintiff incorporates Paragraph 1 through 28 above.

32. At all times relevant to this action, Defendant, ALLY FINANCIAL, INC. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33. Defendant, ALLY FINANCIAL, INC. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

34. Defendant, ALLY FINANCIAL, INC. has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35. Defendant, ALLY FINANCIAL, INC. has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

36. Defendant, ALLY FINANCIAL, INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared Lee, Esquire
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Tele: (407) 420-1414
Fax: (407) 245-3485
JLee@ForThePeople.com
Florida Bar #: 0052284
Attorney for Plaintiff